# "EXHIBIT A"

Filing # 122602286 E-Filed 03/05/2021 03:15:36 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

COURTNEY J. WOODS,

    Plaintiff,

vs.                                                                         CASE NO.:

ESTES EXPRESS LINES,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, COURTNEY J. WOODS, (hereinafter "Plaintiff" or "Mr. Woods"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, ESTES EXPRESS LINES, (hereinafter "Estes" or "Defendant") and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages which exceed thirty thousand dollars ($30,000.00).

2. This is a civil action by Plaintiff against his former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Florida Civil Rights Act of 1992, §§760.01-760.10, Florida Statutes.

3. Venue is appropriate in Hillsborough County under § 47.011, Florida Statutes, because the events giving rise to the cause of action occurred in Hillsborough County.

### PARTIES

4. The Plaintiff is COURTNEY J. WOODS, a black male that resides in Hillsborough County, Florida.

5. The Defendant, ESTES EXPRESS LINES, is a Foreign Profit Corporation with its principal address located at 3901 West Broad Street, Richmond, Virginia 23230.

1

6. The Defendant operates a trucking company and distribution warehouse located at 6360 E Hanna Ave., Tampa, Florida 33610 in Hillsborough County, Florida.

## ADMINISTRATIVE PREREQUISITES

7. On April 6, 2020, Mr. Woods timely filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) against CCR. The Charge (EEOC Charge No. 511-2020-01105) operated as a dual filing with the Florida Commission on Human Relations (FCHR) pursuant to the EEOC/FCHR workshare agreement. In the Charge of Discrimination, Mr. Woods alleged he was discriminated against based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended. Upon filing his Charge, Mr. Woods became an "aggrieved person" as defined in § 760.02(10), Florida Statutes (2016).

8. More than 180 days have passed since Mr. Woods filed his Charge of Discrimination. Neither Mr. Woods nor the undersigned counsel have received notice of the FCHR's disposition on this charge. The FCHR's non-response is to be treated as a finding of "reasonable cause" pursuant to § 760.11(8), Florida Statutes (2016).

## GENERAL ALLEGATIONS

9. On August 24, 2015, Estes hired Mr. Woods as a Pickup and Delivery Driver (P&D) at the Tampa terminal.

10. As a P&D driver, Mr. Woods operated an Estes tractor-trailer vehicle to deliver freight shipments to Estes' customers in and around the Tampa area and to pick-up other shipments from such customers to return to the terminal.

11. Throughout most of his employment, Mr. Woods was supervised by Tampa Terminal Manager Des McCumbee (white male), Assistant Terminal Manager Ed Burke (white male), and various dispatch supervisors.

12. During Mr. Woods employment, the Tampa terminal employed twenty-two P&D drivers. Of those employees, nine were white, eight were African American, four were Hispanic, and one was Asian.

13. Mr. Woods found that Mr. McCumbee and other Estes' supervisors treated him differently than his non-black coworkers.

14. On January 18, 2017, an Estes' supervisor, Mr. Brunfill, asked Mr. Woods, "How can a black man drive a $50,000.00 car and live in the projects?" He said this to Mr. Woods upon seeing him arrive to work in a Mercedes Benz.

15. Mr. Woods reported Mr. Brunfill's comment to Estes' Assistant Manager, Ed Burke, but nothing was done.

16. On May 14, 2018, Maggie Hennessy, a Night Clerk at Estes Express, told Mr. Woods, "Some black people just can't read." Mr. Woods asked Ms. Hennessy if she was referring to him and she said, "You're black, so I'm talking about you."

17. Mr. Woods reported Ms. Hennessy's comment to Mr. McCumbee, but again nothing was done.

18. On December 11, 2018 and again on July 8, 2019, Mr. Woods was hurt on the job. On both occasions, Mr. Woods requested light duty. However, Mr. Woods' supervisors told him that there was not a light duty position available for him. Unfortunately, these actions were not uncommon when an African American employee reported a work-related injury.

19. During Mr. Woods' employment at Estes, several African American employees requested light duty following work related injuries but were denied.

20. In comparison, white employees that suffered work related injuries were given the opportunity to work light duty.

21. On December 13, 2019, Mr. McCumbee terminated Mr. Woods' employment.

22. Mr. McCumbee alleged that Mr. Woods falsified company records.

23. Mr. Woods asked to review the falsified records but was denied.

24. Several white employees had knowingly violated Estes' Code of Conduct and the Department of Transportation policies but were not terminated.

25. Even white drivers that lost their CDL were permitted to stay on with the company in non-driver positions.

26. On August 12, 2019, Chris Pitcher, a white driver for Estes, had his CDL license suspended due to violations of DOT rules and regulations. His license suspension was also a violation of Estes' code of conduct. However, despite violating Estes' code of conduct and having his CDL license suspended by the DOT, Mr. Picher stayed with the company and worked on the dock during the six months his CDL license was suspended.

27. Additionally, on August 19, 2019, another white Estes' driver, Michael Saunders, disconnected the GPS tracker located in his work truck prior to driving it during his work shift – this is a direct violation of Estes' code of conduct – but he was not disciplined and could continue driving for Estes.

28. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## COUNT I
## DISCRIMINATION ON THE BASIS OF RACE
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

29. Plaintiff, COURTNEY J. WOODS, re-alleges and incorporates by reference the allegations set forth above as if set forth fully herein.

30. The Florida Civil Rights Act makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

31. Plaintiff is a member of a protected class and protected by The Florida Civil Rights Act from discrimination based on his race.

32. Plaintiff has satisfied all procedural and administrative requirements set forth in The Florida Civil Rights Act.

33. On December 13, 2019, Estes terminated Mr. Woods' employment.

34. During his employment, Estes' supervisors treated Mr. Woods differently than his non-black coworkers due to his race.

35. At the time of his termination, Mr. Woods was a P&D driver and had been performing his duties and responsibilities for that position at Estes for over four years.

36. As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of employment, loss of income, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's conduct described herein.

37. Defendant, Estes, is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of The Florida Civil Rights Act.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court as provided in The Florida Civil Rights Act, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant, Estes, from engaging in acts of discrimination against Plaintiff;

B.    Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant, Estes;

C.    Awarding Plaintiff compensatory damages against Defendant, Estes; and

D.    Awarding reasonable attorney's fees and costs incurred in this action as provided in The Florida Civil Rights Act.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 5th day of March 2021.

/s/ *Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Gary L. Printy, Jr
Florida Bar No. 41956
PRINTY & PRINTY, P.A.
3411 W. Fletcher Ave., Suite A
Tampa, Florida 33618
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
jason.imler@printylawfirm.com
toni.harrold@printylawfirm.com
wanda.butler@printylawfirm.com